# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| BYRON T. GILMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-CV-1347 JSD |
| | ) | |
| IKE GADEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Byron T. Gilmore, an inmate at the Eastern Reception Diagnostic and Correctional Center,[1] for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.48. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will issue service on defendants Ike Gaden and Steve Brock in their individual capacities. The Court will dismiss the official capacity claims against the defendants for failure to state a claim. Finally, the Court will deny without prejudice plaintiff's motion to appoint counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account,

---

[1] The complaint relates only to events which allegedly occurred at the St. Louis City Justice Center in St. Louis, Missouri, not the Eastern Reception Diagnostic and Correctional Center.

or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion for leave to commence this civil action without prepayment of the required filing fee, plaintiff submitted a copy of his inmate account statement. ECF No. 3. A review of plaintiff's account indicates an average monthly deposit of $7.40 and an average monthly balance of $0.68. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.48, which is 20 percent of plaintiff's average monthly deposits.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Self-represented plaintiff Byron T. Gilmore filed the instant action on a Court-provided form complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff brings this action against two St. Louis City Justice Center ("SLCJC") employees, correctional officer Ike Gaden and unit manager Steve Brock, in both their official and individual capacities.

Plaintiff alleges, on April 23, 2024, he was handcuffed and in the process of being escorted by defendant Gaden to the fourth floor of the SLCJC. *Id.* at 4. During the escort, plaintiff claims defendant Gaden "became sup[]er aggres[s]ive" by "digging his fingers" into his arm. *Id.* Plaintiff states that he "snatch[ed] back due to pain" and defendant Gaden "knocked [him] out" unconscious. *Id.* Plaintiff indicates defendant Brock was present during the incident but failed to prevent defendant Gaden from assaulting him. *Id.* He indicates he was woken up by the St. Louis

City Fire Department and had to be transported to the St. Louis University Hospital for treatment requiring twelve stiches. *Id.*

For relief, plaintiff seeks $2.3 million for his medical bills, mental anguish, and pain and suffering. *Id.* at 5.

## Discussion

### A. Official Capacity Claims

Plaintiff sues both defendants in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

A jail, however, is not a distinctly suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail

and sheriff's department because they are not suable entities). Consequently, plaintiff's complaint is legally frivolous against the SLCJC.

However, unlike the Jail, a local governing body such as St. Louis City can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff has not alleged that St. Louis City violated any official policy, unofficial custom, or failed to train and supervise its employees. He has not shown that a policy exists because none of his facts point to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *See Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1546 (8th Cir. 1992). Plaintiff has also not shown a "widespread, persistent pattern of unconstitutional misconduct" by City employees, much less that such misconduct was tacitly authorized by officials of the governing body. *See Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Plaintiff's complaint involves his own personal experience with two SLCJC employees. A widespread pattern of constitutional misconduct cannot be shown by a plaintiff's own circumstances alone. *See Russell v. Hennepin Cnty.*, 420 F.3d 841, 849 (8th Cir. 2005).

Therefore, plaintiff's claims against the individual defendants brought in their official capacities must be dismissed.

**B. Individual Capacity Claims**

**1. Excessive Force Claim Against Correctional Officer Ike Gaden**

Plaintiff states that he is a convicted and sentenced state prisoner. ECF No. 1 at 2. As such, his excessive force claims are governed by the Eighth Amendment. *See Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014). The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017).

Here, plaintiff plausibly alleges that defendant Gaden used excessive physical force against him. He indicates he was restrained in handcuffs when Gaden dug his fingers into his arm and assaulted him with so much force plaintiff became unconscious. Plaintiff claims he sustained a laceration requiring emergency medical treatment. For purposes of preservice review, the Court must accept as true all of plaintiff's factual allegations and afford him "all reasonable inferences that can be drawn from those allegations." *See Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014); *Dadd v. Anoka Cty.*, 827 F.3d 749, 754 (8th Cir. 2016). The Court finds that plaintiff has alleged enough facts in his complaint to survive initial review as to his claim for excessive force in violation of the Eighth Amendment against defendant Gaden in his individual capacity.

## 2. Failure to Intervene Claim Against Unit Manager Steve Brock

According to plaintiff, defendant Brock stood by as defendant Gaden used excessive force on him and did nothing to intervene. A prisoner may assert a claim against a government official who knew or had reason to know another officer was using excessive force, and who had the opportunity to intervene to prevent the excessive use of force but failed to do so. *Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981). The question is whether the officer's inaction amounts to deliberate indifference to the inmate's health and safety. *Buckner v. Hollins*, 983 F.2d 119, 122 (8th Cir. 1993).

The Court again finds that plaintiff's allegations must be taken as true. He has alleged an excessive use of force by Gaden, and he asserts that Brock was present when the force was used and should have intervened or prevented the excessive use of force but failed to do so. The Court finds that plaintiff has alleged enough facts in his complaint to survive initial review as to his claim for failure to intervene in violation of the Eighth Amendment against defendant Brock in his individual capacity.

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 4. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the

case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

In this case, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant complaint or in the record before the Court evidence that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Moreover, the defendants have yet to be served with process and discovery has not begun, so there is no conflicting testimony. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.48 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED without prejudice** at this time.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against all defendants brought pursuant to 42 U.S.C. § 1983, are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Ike Gaden for excessive force and defendant Steve Brock for failure to intervene in their individual capacities. Defendants shall be served through the waiver agreement this Court maintains with the City of St. Louis.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

A separate order of partial dismissal will be filed herewith.

Dated this 7th day of November, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE